# In the United States Court of Federal Claims

No. 23-829-C

(Filed: September 27, 2023)

(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
JAMES RUDZAVICE,                      *
                                      *
                  Plaintiff,          *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

*James Louis Rudzavice*, *pro se*, of Fort Worth, TX.

*Joshua David Tully*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* plaintiff James Rudzavice filed suit in this Court alleging various constitutional and statutory claims against the United States related to a mail dispute that occurred while he was incarcerated in Fort Worth, Texas. In response to Plaintiff's complaint, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons that follow, the Court grants the government's motion.

## BACKGROUND

Plaintiff is currently incarcerated at Federal Medical Center in Fort Worth, Texas. *See* ECF No. 9 at 1. According to Plaintiff, on August 16, 2021, he ordered several books to read during his imprisonment. ECF No. 1 at 15. A United States Postal Service tracking invoice produced by Plaintiff suggests that his books arrived at a Post Office Box at the facility on September 25, 2021. *Id*. at 14. Additionally, Plaintiff produced prison bank account information that shows withdrawals and releases of funds identical to the amount paid for the books according to the invoice. *Id*. at 18. Prison officials deny, however, that any such package was ever delivered to the facility. *See id*. at 16. In response to this denial, Plaintiff alleges that prison

officials "fraudulently disposed [of], destroyed, or stole," *id.* at 5, the books, and that they failed to provide him with a rejection letter acknowledging that the books had arrived in the first place, *id.* at 16.

Plaintiff filed a Request for Administrative Remedy with the warden of the prison on April 4, 2022.  *See* ECF No. 9 at 1.  The warden denied his request.  *See* ECF No. 1 at 16.  The warden claimed that the prison could not provide a letter rejecting his request to receive the books because the books had never been delivered to the facility, and that "[t]he [t]racking number [Plaintiff] provided didn't come back to a tracking number belonging to UPS, USPS, [or] FedEx."  *Id.*  The warden also stated that Plaintiff had "not provided enough evidence showing the Mailroom Staff failed to process [the] books."  *Id.*  On June 27, 2022, the Regional Director at the Bureau of Prisons rejected Plaintiff's remedy appeal for similar reasons.  *See id.* at 17.  Although not pled by Plaintiff, his further appeal to the Bureau of Prisons' Administrative Remedy Section was also unsuccessful.  *See* ECF No. 9 at 2.

Plaintiff filed a *pro se* complaint in this Court on June 2, 2023.  ECF No. 1.  Therein, he alleges that the United States, through the Bureau of Prisons, violated his constitutional rights by withholding the books he ordered, committed fraud by denying that the books ever arrived, and perpetrated mail fraud in violation of both Bureau of Prisons policy and statutory law. *See id*. at 2, 3, 5, 8.  His primary claim, however, is that the United States effected a taking of his property in violation of the Fifth Amendment, for which he seeks $300,095.40 in damages.  *See id*. at 3.

Pursuant to RCFC 12(b)(1) and 12(b)(6), the government filed a motion to dismiss Plaintiff's complaint on August 7, 2023.  ECF No. 9.  In its motion, the government argues that Plaintiff's takings claim must fail because Plaintiff does not claim that "the Government lawfully took his property" or that "his property was taken for public use."  *Id*. at 5.  Moreover, the government asserts that Plaintiff's criminal, tort, and other constitutional claims fall outside the Court's jurisdiction because of various limitations in the Tucker Act, 28 U.S.C. § 1491.  *See id*. at 8.  Plaintiff responded on August 30th, stating notably that he brought this case to gain compensation for "the interferrence [sic] in acess [sic] to mail, interference with vested property rights and constitutional deprivation" with general citations to the Tucker Act and the Constitution as the basis for jurisdiction.  ECF No. 10 at 2.  The government replied on September 12, 2023, to address these arguments.  *See generally* ECF No. 11.

## DISCUSSION

### A.   Legal Standard

Under RCFC 12(b)(1), this Court must dismiss any claim that does not fall within its subject matter jurisdiction.  In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-movant party and draw all logical inferences in the light most favorable to that party.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Although we hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007)

(citations omitted).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction.  Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*.  Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Even if this Court has jurisdiction over a claim, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  That is to say, if the plaintiff states facts in his or her pleadings that, even when viewed in the light most favorable to the non-movant party, are "fatally flawed in their legal premises," the Court must dismiss the claim.  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160–61 (Fed. Cir. 1993).

**B.**     **Analysis**

Plaintiff cites a litany of statutes and constitutional provisions in an attempt to find jurisdiction in this Court.  *See* ECF No. 1 at 2, 3, 5, 8; ECF No. 10 at 1, 2.  Despite his best efforts, his claim for just compensation is the only one over which the Court could potentially exercise jurisdiction.  Plaintiff has failed, however, to establish a valid claim under the Just Compensation Clause.

The essence of Plaintiff's complaint is that officers at Federal Medical Center in Fort Worth "either fraudulently disposed [of], destroyed or stole [his] private property," ECF No. 1 at 5, namely the books he ordered, the delivery of which he and prison officers dispute.  *Compare id*. at 5 *with id*. at 16.  Plaintiff maintains vociferously that prison officials took his books illegally, stating in his reply that prison officials "unlawfully seized" or "unlawfully destroyed" his mail.  ECF No. 10 at 1.  Plaintiff spends much of the complaint citing the Fifth Amendment and demanding just compensation for the books he believes taken from him wrongfully.  *See* ECF No. 1 at 3–5.

Although in general a claim for just compensation falls within the Court's jurisdiction, *see Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162, 2170–71 (2019), Plaintiff's complaint fails to state a valid just compensation claim. A claim under the Just Compensation Clause must assume that the government's alleged seizure of private property is lawful. *See Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993); *Florida Rock Indus., Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1986). This is because the Just Compensation Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." *First Eng. Evangelical Lutheran Church of Glendale v. L.A. Cnty., Cal.*, 482 U.S. 304, 315 (1987). Plaintiff's complaint and subsequent filings make clear that he does not concede that the government took the books at issue lawfully. Instead, he consistently characterizes the action as an "unlawful seizure." ECF No. 10 at 4. This fact prevents Plaintiff from stating a just compensation claim upon which this Court could grant relief. *Perry v. United States*, No. 2020-2084, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) (affirming dismissal of a putative taking claim because the plaintiff "maintain[ed] that the government's action was not valid"); *see also Tabb Lakes*, 10 F.3d at 802 (holding that a plaintiff seeking just compensation "must concede the validity of the government action which is the basis of the taking claim"); *Crocker v. United States*, 37 Fed. Cl. 191, 195 (1997) ("To state a takings claim in this court . . . the plaintiff must concede the lawfulness of the actions of the Government that resulted in the alleged 'taking.'"). Therefore, the Court must dismiss Plaintiff's just compensation claim for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's other claims fall outside the Court's jurisdiction. If Plaintiff is correct that prison officials "unlawfully seized," ECF No. 10 at 1, the mail in which he had a "vested property interest," ECF No. 1 at 7, he may have a valid claim under the Fourth Amendment, but not in this Court. *Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."). In addition, Plaintiff claims that the prison officials' actions violated his rights under the First Amendment, though in a somewhat scattershot fashion. *See* ECF No. 1 at 3 (stating that his "First Amendment Right to Fair Notice" and "Right to be heard" had been violated). But regardless of whether this claim is meritorious, the Court does not have jurisdiction over Plaintiff's First Amendment claim. *United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983) ("[O]n any theory, the Claims Court lacks jurisdiction over [a plaintiff's] first amendment claim."). Plaintiff's claims alleging a violation of the Bureau of Prisons' policy regarding damage to mailed goods (essentially a conversion claim) and violation of the federal prohibition against mail fraud, are similarly not within the Court's jurisdiction because of their tortious and criminal nature. *See* 28 U.S.C. § 1491(a)(1) (stating that the Court of Federal Claims has authority over claims for monetary damage against the United States "not sounding in tort"); *Blodgett v. United States*, 101 F.3d 713 (Fed. Cir. 1996) at *1 ("[A]lleged criminal violations or torts . . . are not within the subject matter jurisdiction of the Court of Federal Claims.").

Plaintiff requests that if the Court determines that it lacks jurisdiction, it transfer the case to a court with jurisdiction to hear his claims. *See* ECF No. 10 at 4-5. A court may transfer a case to another court with jurisdiction if it finds that in so doing it acts "in the interest of justice." 28 U.S.C § 1631. It is not in the interests of justice, however, to transfer a case to another court

that would also lack jurisdiction.  *See Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005) (holding that transfer is appropriate when the court finds that there is a want of jurisdiction, the action could have timely been brought in another court, and transfer is in the interest of justice).  As the Supreme Court held in *Ali v. Federal Bureau of Prisons*, the United States has not waived sovereign immunity for claims "against the United States for the unlawful detention of property by 'any'. . . law enforcement officers."  552 U.S. 214, 228 (2008).  Despite Plaintiff's insistence that his claim is "not a FTCA [Federal Tort Claims Act] claim," ECF No. 10 at 4, the gravamen of his claim is that Bureau of Prison officials stole or otherwise prevented him from obtaining his mail.  *See* ECF No. 10 at 1; ECF No. 1 at 1.  This claim is precisely the type which *Ali* barred from the courts.  *See Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) (stating that *Ali*'s exemption "maintain[s] sovereign immunity for the entire universe of claims against law enforcement officers . . . 'arising in respect of' the 'detention' of property") (quoting *Ali*, 552 U.S. at 228) (emphasis omitted); *Searcy v. United States*, 106 Fed. Cl. 116, 118 (2012) (refusing to transfer plaintiff's claim based on detention of property by prison officials for the same reason).  Accordingly, transfer is not appropriate.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.  The request to transfer this case to another court is **DENIED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
